Good morning, your honors. Marshall Webster here on behalf of the appellant in this case, Mr. Ambrose Daniel. Your honor, this case is, Mr. Daniels was convicted of one count and an eight count indictment of possession, a local count of possession of ammunition. Is there any statutory prohibition under Virgin Islands law for possession of ammunition? I think that section would be title 14, 2256, if I'm not mistaken, your honor. And that was the prohibition that he was charged under, title 14 of the Virgin Islands Code, section 2256. And that is the section, that is the provision he was convicted under, your honor. How do you, how does a person in the Virgin Islands become authorized to possess ammunition? There is no authorization mechanism as far as I am aware of that authorizes, that would license anyone to possess firearms. In this case, the firearm, according to the testimony- There's no ammunition license that would be analogous to a firearm license. None that I'm aware of, your honor. In this case, the weapon and the, I guess the ammunition was found in the weapon itself. In this particular case- Was there not also other ammunition found? There was, the clips. Yeah. Yeah, was found with the weapon. And from the verdict, can we tell whether it's the clips or the ammunition in the gun that was determined by the jury to be- We don't know that, your honor. But we know that there was testimony from the forensic agent that there was a live round in the chamber of the weapon, when the weapon- Any authorization requirement here? What happened, your honor, is that, I think her name was Ms. Stout, if I'm not mistaken. She worked for the police department as the custodian of firearm records in St. Thomas and St. Croix. And she testified that my client, Mr. Ambrose Daniel, was not authorized to possess a firearm. He did not have a firearm license in essence. And that was the essence of- But the jury ultimately finds him guilty of the ammunition charge. So my question to both sides is, what does the jury know, if anything, about how one becomes authorized to possess ammunition? And how does the jury come to know, if anything, about any authorization requirement? The jury doesn't, your honor. I mean, in the look that I took of certain parts of the record, most particularly the instruction to the jury, I saw nothing suggesting to the jury just how they would go about knowing anything about any kind of authorization requirement for ammunition. And those are my two arguments. And my brief, your honor, is that, one, is that the insufficiency of the evidence with respect to the possession of the ammunition. And two, that there is- That isn't how I understood your sufficiency argument to go. As far as the ammunition, your honor? Did you argue anything about the instruction? No, I did not argue about the instruction, your honor. I argued that the- Were you trial counsel? I was trial counsel. I don't- am I missing anything, or are the closing arguments not a part of the appendix? It's not a part of the appendix. We didn't make that a part of the appendix, your honor. How was the case argued, especially by the prosecutor to the jury? Well, I'll have to rely on my recollection. And I think it's in the brief also. They argue that basically, in the government's brief, of course, that the fact that he was not licensed to possess a firearm, therefore he was not licensed to possess- Therefore he was not authorized to possess ammunition. I think that's a fallacious argument. I think that's a wrong argument. I think the government, in its brief, argued that- cited a particular provision of the firearms code that says that a dealer cannot sell- in the power of prison, of course- firearms to anyone who does not present a firearm license. But that is a prohibition against a dealer. It's not a prohibition against one in possession of ammunition. I'm sorry, what section of the code is that? I believe that was- title 23. Title 23, section- I think it's 466 if I'm not mistaken. It says- I think it's title- I think it's title 23, Virgin Islands Code, section 466. I think it says that in order to obtain ammunition for a particular firearm, the individual must present to an authorized firearm and ammunition dealer a license to possess a firearm. And the government is arguing that. But I think that is a prohibition against a dealer of ammunition, not a prohibition against an individual in possession of a firearm. It's very similar to me, to a situation we have here. Like a dealer in lottery tickets cannot sell outside lottery tickets, like Puerto Rico lottery. But it's not illegal for one to possess Puerto Rico lottery, but it's illegal for one to sell Puerto Rico lottery here in Virgin Islands. So I think that's analogous to the situation. This specific provision prohibits one from selling ammunition to one who does not present a valid license for a firearm. But it has no prohibition against one in possession of the ammunition. So if legal- if there's some legal authorization out there for the possession of ammunition, is it the government's burden to come in and prove the lack of such authorization, or is it an affirmative defense on the part of the defendant to demonstrate authorization? I don't think it raises to the level of an affirmative defense on the part of the defendant. In giving that answer to Judge Smith's question, would you turn your attention to the decision in the key, which the issue was the length of time, and who would best or have the best information available? The government making that element, or the defendant making that element? I'm very familiar with the McKee case. In fact, I believe I was the one who caused that issue to be raised by my client taking the stand and saying- testifying in court. It's only the defendant taking the stand and testifying in court when he came into contact- possession of the weapons that they were found with. And I think we have a different situation here. In McKee, there was a 24-hour requirement that if one was found to have possession of the firearm in less than 24 hours, then they were in violation of the statute. I think after the 12th Circuit decision in that case, the statute was- It was amended. Right. It was amended or revoked. So we no longer have that law in the books. But I think this is different because we're talking about ammunition. There is certainly a statute, a licensing requirement for a firearm. There's no licensing requirement for ammunition as a law today. Why is not a formative defense? Because I think in the McKee case, the statute itself created that formative defense. You don't have that in this case. Well, part of the reasoning of our court in McKee was that the 24-hour grace period, if you will, was something the knowledge of which would be perhaps not exclusively, but much more prone to be known by the defendant than by the government, wasn't it? I agree with that, Your Honor. And in this situation, one could, for instance, possess ammunition. I had a case where one of my clients had ammunition. They didn't know he had ammunition because he had them for, like, 20 years. And it was stacked someplace in a tool box with a whole lot of other tools. And until he dumped them out, he didn't know he had this ammunition. So I can't see that as being a formative defense. Thank you. All right, well, we'll have you back on rebuttal. And hopefully the government can enlighten us on just what their theory of the prosecution was with respect to this possession of ammunition account. Because speaking only for myself, I'm completely confused. I've gone over this a number of times, and I can't understand it. How did the case go in, Ms. Hines? And how did the government go about arguing to the jury? And how was the question put to the jury by the district court? Certainly. Good morning. Denise Hines on behalf of the United States. If it pleases the Court, in an attempt to answer Your Honor's question, the case started off as an armed robbery, felon in possession, an entire multitude of charges against this defendant. A very violent case. It was bifurcated. And the jury, in its wisdom, found him not guilty on the violent offenses, and therefore we were left with the felon in possession and the ammunition charges. We therefore, consistent with the bifurcation of the case, presented evidence of failing to have a license to possess the firearm, as well as the fact that he is a convicted felon, and proceeded to argue to the jury consistent with the felon in possession of a firearm, as well as a felon in possession of ammunition. Let me ask you this, because I think we're all familiar with the procedural background of the case, and it's an unusual verdict, to say the least. But the district court charged the jury that absence of authorization is an element. Did he not? Yes, sir. All right. If it's an element, isn't it the government's burden, then, to prove absence of authorization? Your Honor, that would take us to the discussion that we have in our brief, and that is there is no legislative history interpreting authorization. I don't care about legislative history. I want to know what there is in the way of any kind of statutory provision relative to authorization to possess ammunition. Yes, sir. And therefore, I submit that in order to interpret what authorization or unauthorization means, we divine the legislative intent by looking at the statutes of section 20 of chapter 23, section 466, in paramateria with the ammunition statute. And 466 what? And 466 indicates that the only way an individual purchasing firearms, purchasing ammunition, can acquire the ammunition is by showing a valid firearms license. What if I want to give my son some ammunition? Then, Your Honor, it enters into the arena of an affirmative defense. That is something within the exclusive province of the defendant. But the judge framed the issue for the jury that it was an element of the crime. And then does not, is this just not a straight sufficiency of the evidence? You would have to point to some evidence that would show. And the evidence that we are pointing to is the fact that he did not have a license to carry a firearm. And the jury can infer from that, in addition to the statutes being read in paramateria, that you cannot possess legally ammunition unless you have a license in order to have it. But I gave it to my son. I can legally give ammunition to my son, can't I? I don't believe you can. What does it say in the law that I can't? I'm not a dealer. Well, the son is not authorized to carry it. How does he get authorized to carry ammunition? Because of legislative intent by reading the, divining the legislative intent by reviewing these sections of paramateria. Then the son, if he's arrested, will have the onus of showing by way of an affirmative defense that it was given to me by my mother. Where was the jury instructed on it? It was not, Your Honor. Ideally, these are charges that, this is probably an area that does need to be developed in this way. This is the only case that I know of where even when charged with a violent offense, including numerous firearm charges, the jury came back with an ammunition. That has probably happened in the past, and therefore, it's never been taken on appeal. So this case is somewhat unique, and therefore, this is possibly a case of first impression, where this court has to make some sound decisions with regard to this particular area of the law. However, we do believe that unauthorized is spelled out by the statute. By divining that, by reading the specific provisions in paramateria, and that the government has made a sufficient showing, and even made a sufficient showing, that he's not licensed to carry ammunition because he did not have a license to carry a firearm. There would be no other reason to have ammunition except to use it in connection with a firearm. And to the extent that an individual who was given ammunition feels that it has a worthy defense, then the onus becomes upon, the burden is placed upon them to show it as an affirmative defense. It would be arguably impossible for the government to show, to make up their own. You are saying this argument to me, I have trouble accepting as a valid legal argument, that you are prevented from having ammunition unless you can prove that you got it in a legal manner. But I don't see any statutory basis. You're saying reading these statutes together, but doesn't criminal law have to be a little more precise and a little more black and white than that? Where's the notice? Where's the notice that criminal law presumes the entire world has? The fact that the statute deems it illegal, it's illegal, unauthorized possession of an ammunition, unauthorized. That becomes a particular element. But the code nowhere explicitly states that only people with a license to carry firearms may possess ammunition, correct? I would suggest that it does. Where? Because when you read the code in paramateria, in connection, usually whenever particular statutes are unclear, you look at legislative history. In the absence of that, you look at the other evidences or indication of the congressional legislative will. I start with the statute itself, and I'm curious as to what provision or provisions you would read then in paramateria that would provide us with such an answer. That would be Section 14 – I'm sorry, 23-466. All right, but 466 forbids dealers from selling ammunition to a person who fails to present a firearms license, doesn't it? Yes, sir. That's not a prohibition on anyone possessing it. But it is a vehicle by which we can define legislative intent. But should criminal statutes be subject to interpretation through legislative intent rather than interpretation through the plain words on the statute book in front of you? How can you determine whether you are complying with the law if you have to look at two statutes and review legislative intent? I think there are some constitutional problems with that. I don't agree, Your Honor. The statutes are on the books and presumed to be knowledgeable by those that have subjected themselves to them. And the fact that one has to define a prohibition by looking at two statutes together I don't believe is unusual, unwarranted, or – Ms. Hines, let's assume that this panel were to accept in its entirety your in pari materia argument. Yes, sir. And that that is a basis for determining an authorization requirement for possession of ammunition. Assume that for argument purposes. How was that theory explained to this jury in any way by which they could then make a determination, issue a verdict of guilt as they did on that theory? Yes, sir. I'd be happy to answer that question. If you may recall earlier indicated since it was a bifurcated case, an argument was made to the jury the fact that he did not have a license to possess a firearm in connection with the firearm charges, although they acquitted him of the firearm charges. So the jury had within its arsenal to consider argument and discussion with regard to the fact – as well as jury charges. Did it have the in pari materia theory that you are urging upon us? No, Your Honor. Isn't that the sine qua non of a basis for conviction here? No, Your Honor. Without that, isn't the jury completely at sea as to why they should find a defendant guilty or not guilty on the basis of this authorization issue? No, Your Honor, because if one were to consider the unique nature of ammunition, ammunition is used in connection with a firearm. And there does come a time when substance must prevail over form. And the fact that if you're – if the statute says you're not allowed to possess ammunition, unauthorized ammunition, it would suggest to the jury that in order to possess ammunition, you have to have a license for a firearm because there's no other way or no other purpose to possess ammunition. It seems to me that to possess it, you would have to have a license to possess ammunition. You can't have a gun unless you have a license to possess a gun. You can't have ammunition unless you have a license to possess ammunition. So if the Virgin Islands wants to make it illegal to possess ammunition without authorization, shouldn't it be an authorization to possess ammunition? They can. However, I don't believe it's necessary because the ammunition has no other useful purpose without the gun. There is none. I have one more question. Who in the Virgin Islands is authorized by law to possess ammunition? I assume that peace officers are. Yes, sir. And who else? Persons that are licensed to possess a firearm. Is that spelled out in any place other than in the two statutes brought to our attention? Not that it comes to mind at this point. Thank you very much, Ms. Hines. Rebuttal? Just briefly, this is an important issue because it's a serious felony that carries up to a minimum of one year to five years' imprisonment. And I disagree with my colleague that the only purpose of possessing ammunition is for a firearm. I know people who possess ammunition for as a— Decorative purposes? Well, yeah, they're people for souvenirs. People who are in the military, they may take around and bring it back home as a souvenir. And there are people who may possess it for other reasons. Some make jewelry out of it, put on the chain. A live bullet? No, not a live bullet. They have to remove the gunpowder, of course. But still, they possess it. They have no need for a weapon. And I think in this case, there was no evidence other than the testimony of the custodian of the records for the firearms licensing at the Department of Public Safety to testify that my client, Mr. Ambrose Daniel, did not possess a license for a firearm. There was no testimony that he did not possess a license for ammunition. And there was no testimony that there was any requirement for the possession of ammunition. Thank you. Thank you. This is a very interesting case, counsel. Very interesting. And I think we'll take it under advisement. Thank you. May I discuss? You may. And we're going to take a brief recess. Please rise.